IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANK ALLEN : CIVIL ACTION
: NO. 15-5187
:
vs. :
:
:
CITY OF PHILADELPHIA :

O'NEILL, J.                                                                                                                        March 9, 2015

**<u>MEMORANDUM</u>**

I have before me defendant's motion to dismiss, plaintiff's response in opposition and defendant's reply to plaintiff's response.

In his amended complaint plaintiff, appearing pro se, asserts that he is the owner and occupant of a multiunit three family building located at 778 N. 25th Street, Philadelphia, PA. He asserts that the property in which he resides and owns is subject to an annual $300.00 trash fee and that under the City's ordinance this fee is not levied upon single family, condo and co-op owners and additionally that the $300.00 fee is discounted by fifty percent for owner occupied duplex owners. He asserts that this ordinance violates his rights to equal protection of the law under the Equal Protection Clause of the Fourteenth Amendment and brings this action under 42 U.S.C. §1983.

However, it appears that plaintiff has previously litigated the constitutionality of the ordinance in the State courts. In particular, before the City of Philadelphia's Tax Review Board, the Court of Common Pleas and the Commonwealth Court of Pennsylvania. See paragraphs 21 through 26 of the amended complaint. Plaintiff states in paragraph #27 of the amended complaint that he "feels he did not get a fair and unbiased review from those courts because they

were obviously protecting the interests of the city while neglecting the petitioner's rights which are protected by the Constitution under the 14th amendment."

Accordingly, plaintiff's claims are barred by the doctrine of res judicata.[1]  "The doctrine of res judicata is intended to insure the finality of judgments and prevent repetitive litigation." Tyler v. O'Neill, 52 F. Supp. 2d 471, 474 (E.D. Pa. 1999).  Claim preclusion acts to prevent a party from litigating issues that could have been brought in the original suit regardless of whether those claims were actually raised in the original suit.  Id. at 475.  Additionally, a "federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).[2]

Any further amendment of the complaint would be futile and amendment will not be allowed.

An appropriate Order follows.

---

[1] Although defendant does not raise the argument in its motion to dismiss, I note also that the Rooker-Feldman Doctrine applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Where a "federal claim is inextricably intertwined with [a] state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong," it is barred under Rooker-Feldman.  In re Madera, 586 F.3d 228, 232 (3d Cir. 2009).

[2] The subsequent amendment of the ordinance to add an additional partial exemption from the municipal trash collection fee for owner occupied duplexes does not enable plaintiff to re-litigate the constitutionality of the ordinance.